### GRANZ et al. v. RONGINSKY.

(Supreme Court, Appellate Division, First Department. January 16, 1903.)

1. INJUNCTION—VIOLATION—ADVICE OF COUNSEL.

Where respondent in injunction willfully violates it, and there is no question as to whether the act done is actually a violation, that he acted on the advice of counsel is no defense.

Appeal from special term, New York county.

Action by Annie Granz and another against Pincus Ronginsky. From an order adjudging defendant in contempt of court (78 N. Y. Supp. 260), he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jacob Manheim, for appellant.
Joseph Wilkenfeld, for respondents.

INGRAHAM, J. When this appeal, which is from an order adjudging the appellant guilty of contempt, in willfully disobeying an injunction, was submitted, the appellant presented no points. His points were subsequently sent to us, and we have received and considered them, as the question involves the personal liberty of the appellant. In June, 1902, a temporary injunction was granted in this action, which, upon motion, was continued during the pendency of the action; and thereby the defendant was enjoined and restrained from tearing down the southerly wall of the premises 16 Avenue C, in the city of New York, and from tearing down or in any way interfering with the building on said premises, from razing or tearing

¶ 1. See Injunction, vol. 27, Cent. Dig. § 479.

down the rear of the plaintiffs' premises, and from undermining the stairway, foundation, walls, or support of said building, during the pendency of the action. When this injunction was continued, the plaintiffs were in possession of the premises 16 Avenue C, as tenants. On the 1st of August, 1902, the defendant commenced proceedings to dispossess the plaintiffs from the premises, which resulted in a final order directing a warrant to issue, dispossessing the plaintiffs. Such warrant was issued, and the plaintiffs were removed from the premises on August 27, 1902. Having thus obtained possession of the premises by these proceedings, the appellant proceeded, in disregard of the injunction, to do what he was enjoined from doing.

The prohibition contained in the injunction was plain, and until it was vacated, either by a final judgment in the action, or by an order of the court, it was binding upon the appellant. If the appellant's status was so changed that he should have been relieved from the operation of the injunction, it was his business to apply to the court to vacate or modify it, and not take the law in his own hands and violate it. There was absolutely no excuse for such a violation, except that he did it under the advice of his counsel. In such a case the advice of counsel is no excuse. The only result ought to be the punishment of both attorney and client, prescribed for the violation of the injunction. It is not pretended that what was done was not a direct violation of the injunction. It is only when there is a question as to whether the act complained of is actually a violation of the injunction that advice of counsel can be accepted as an excuse. No such question is presented in this case. The appellant clearly violated an order of the court, and no excuse is presented that is entitled to consideration. The court below might well, in addition to the fine, have taught the appellant, by an actual imprisonment, that the orders of the court in this state must be respected.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.